[Cite as *State v. Salim*, 2014-Ohio-357.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13 CA 28 |
| RYAN R. SALIM | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Guernsey County
                             Court of Common Pleas, Case No. 07CR-
                             215


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      January 30, 2014

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

DANIEL G. PADDEN                    RYAN R. SALIM
GUERNSEY COUNTY PROSECUTOR          G.C.I. 595-824
139 W. 8th Street                   2500 S. Avon-Deldon Rd.
Cambridge, OH 43725                 Grafton, OH 44044

*Gwin, P.J.*

{¶1} Defendant-appellant Ryan Salim ["Salim"] appeals from the September 18, 2013 Judgment Entry of the Guernsey County Court of Common Pleas overruling his Petition for Post Conviction Relief. Plaintiff-appellee is the State of Ohio.

*Facts and Procedural History*

{¶2} Salim was convicted after a jury trial of one count of aggravated robbery, one count of kidnapping, one count of abduction, one count of failure to comply with the order or signal of a police officer and one count of theft of drugs, all with gun specifications. On September 8, 2009, this Court upheld Salim's convictions and sentences. *State v. Salim*, 5th Dist. Guernsey No. 09-CA-1, 2009-Ohio-4729. [*Salim I*].

{¶3} On August 12, 2013, Salim filed a post-conviction petition pursuant to R.C. 2953.21. ["PCR"]. On September 18, 2013, the trial court filed Findings of Fact/Conclusions of Law/Judgment Entry overruling Salim's petition.

*Assignments of Error*

{¶4} It is from the trial court's Judgment Entry filed September 18, 2013 denying his PCR petition that Salim timely appeals, raising the following two assignment of error for our consideration:

{¶5} "I. WHETHER A PETITION FOR POST CONVICTION RELIEF ASSERTING A CLAIM OF ERROR UNDER, *ALLEYNE V. UNITED STATES* 131 S. CT. 2151, 2013, U. S. LEXIS 4543 (2013), RELIES ON A "NEW RULE OF CONSTITUTIONAL LAW, MADE RETROACTIVE TO CASES ON COLLATERAL REVIEW BY THE SUPREME COURT," WITHIN THE MEANING OF O.R.C. §2953.21, O.R.C. §2953.23,

**{¶6}** "II. WHETHER THE NEW RULE OF CONSTITUTIONAL LAW ANNOUNCED BY UNITED STATES SUPREME COURT IN *ALLEYNE V. UNITED STATES* 131 S. CT. 2151, 2013, U. S. LEXIS 4543 (2013), WAS MADE RETROACTIVELY APPLICABLE TO PETITIONERS SEEKING COLLATERAL REVIEW OF THEIR CONVICTIONS."

I, II

**{¶7}** In his first assignment of error, Salim maintains that his petition for post conviction relief was timely because subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code the United States Supreme Court recognized a new federal or state right; in his second assignment of error Salim argues that the new federal or state right recognized by the United States Supreme Court applies retroactively to persons in the Salim's situation, and his petition asserted a claim based on that right.

**{¶8}** Because we find the issues raised in Salim's first and second assignments of error are closely related, for ease of discussion, we shall address the assignments of error together.

**{¶9}** Salim's PCR petition is governed by R.C. 2953.21(A), which states in part as follows:

> Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that

is a felony and who is an offender for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the person's case as described in division (D) of section 2953.74 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a). Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

**{¶10}** The record indicates Salim did file a direct appeal in this matter. *Salim I.* The transcript was filed in that case on February 17, 2009. Therefore, under R.C. 2953.21(A)(2), Salim was required to file his petition " * * * no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals". Salim's petition was filed August 12, 2013, which is well beyond the time provided for in the statute. Because Salim's petition was untimely filed, the trial court was required to entertain his petition only if Salim could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part,

        * * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section [R.C. 2953.21] or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

        (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

        (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or,

if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

{¶11} In the case at bar, Salim contends that the Supreme Court's recent decision in *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), entitles him to file an untimely petition for post conviction relief. *Alleyne* overruled prior Supreme Court case law and held that under the Sixth Amendment:

Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S.Ct. at 2155, 186 L.Ed.2d 314 (citation omitted). Salim argues that the jury, not the judge, is required to make the factual findings necessary to impose consecutive sentences.

{¶12} Recently the question of whether *Alleyne* creates a new rule of law that can be retroactive to cases on collateral review has been discussed by the United States Court of Appeals, Tenth Circuit,

Although Mr. Payne asserts that *Alleyne* is not a new rule of law and instead re-establishes prior Sixth Amendment law, we agree with the Seventh Circuit that *Alleyne* actually does set forth "a new rule of constitutional law," *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013). But this new rule of constitutional law has not been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). The Supreme Court has concluded that "'made' means 'held' and thus, the requirement is satisfied only if th[e] Court has held that the new rule is retroactively applicable to cases on collateral review." *Tyler v. Cain*, 533 U.S. 656, 662, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). The Court has not held that *Alleyne* applies retroactively to cases on collateral review. Further, "[t]he Court resolved *Alleyne* on direct rather than collateral review." *Simpson*, 721 F.3d at 876. We agree with the Seventh Circuit that:

"*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral

review. *See Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). This implies that the Court will not declare *Alleyne* to be retroactive....

Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2)." *Simpson*, 721 F.3d at 876.1 *See generally Browning v. United States*, 241 F.3d 1262, 1266 (10th Cir.2001) (declining to authorize second or successive § 2255 motion because Supreme Court has not made *Apprendi* retroactive).

*In re Payne*, 733 F.3d 1027, 1029-1030(10th Cir.2013).Thus because *Alleyne* does not apply retroactively to cases on collateral review, the trial court in the case at bar correctly decided that it did not have jurisdiction to consider Salim's untimely PCR petition.

{¶13} In the alternative, Salim's reliance on *Alleyne* is misplaced. Salim's claim is without merit because the court made no impermissible findings of fact and considered factors permitted by law in sentencing. First, Salim's argument rests on the erroneous assumption that the trial court "enhanced" his presumptive minimum sentence. Salim incorrectly assumes that Ohio still has a presumptive minimum sentence and that any upward departure from that presumptive minimum is an "enhancement."

{¶14} Regarding consecutive sentences, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that because R.C. 2929.14(E)(4) and 2929.41(A) require judicial fact-finding before a court can impose

consecutive sentences, they are unconstitutional and ordered them to be severed. *Foster, supra,* paragraph three of the syllabus. In striking down these and other parts of Ohio's sentencing scheme, the *Foster* court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus.

{¶15} The United States Supreme Court in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), subsequently held that the right to a jury trial under the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences. *Ice, supra*, at 171–172.

{¶16} Thereafter, in *State v. Hodge*, 128 Ohio St.3d 1, 2010–Ohio–6320, 941 N.E.2d 768, the Ohio Supreme Court addressed "whether, as a consequence of the decision in *Ice*, Ohio trial courts imposing consecutive sentences must first make the findings specified in R.C. 2929.14(E)(4) in order to overcome the presumption for concurrent sentences in R.C. 2929.41(A)." *Hodge*, supra, at ¶ 9. In answering the question in the negative, the court held: (1) the Sixth Amendment right to a jury trial does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences; (2) *Ice* does not revive Ohio's former consecutive-sentencing statutes held unconstitutional in *Foster*; and (3) trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that such findings be made. Id., paragraphs one, two, and three of the syllabus. Trial judges have

"'the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently.'" Id. at ¶12, quoting *State v. Bates*, 118 Ohio St.3d 174, 2008–Ohio–1983, 887 N.E.2d 328, ¶¶18–19.

{¶17} The *Hodge* court further explained that *Foster* merely took away a trial judge's duty to make findings before imposing consecutive sentences and that *Ice* did not directly overrule *Foster. Hodge, supra,* at ¶ 17, 37. The court indicated, "Although the *Ice* decision holds that it is constitutionally permissible for a judge to engage in judicial fact-finding to impose consecutive sentences, there is no constitutional requirement that a judge make findings of fact before imposing consecutive sentences." *Id.* at ¶ 26.

{¶18} The General Assembly did reenact the provisions after Salim's sentencing. This court has found the provisions are not retroactive. *See, e.g., State v. Hobby*, Fifth District No. 11 COA41, 2012–Ohio–2420, *citing State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124 and *Hodge*, supra.

{¶19} Thus, judges have discretion and inherent authority to impose either concurrent or consecutive sentences without the requirement of specific fact-finding. In *Alleyne,* the relevant fact was whether the defendant brandished a firearm, which increased the minimum penalty for using or carrying a firearm in relation to a crime of violence. *Id.* at 2155. However, the majority in *Alleyne* was careful to declare that,

> In holding that facts that increase mandatory minimum sentences must be submitted to the jury, we take care to note what our holding does not entail. Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that

broad sentencing discretion, informed by judicial fact-finding, does not violate the Sixth Amendment. See, e.g., Dillon v. United States, 560 U.S. – ——, ——, 130 S.Ct. 2683, 2692, 177 L.Ed.2d 271 (2010) ("[W]ithin established limits[,] ... the exercise of [sentencing] discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts" (emphasis deleted and internal quotation marks omitted)); Apprendi, 530 U.S., at 481, 120 S.Ct. 2348 ("[N]othing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment within the range prescribed by statute").

*Alleyne,* 133 S.Ct. at 2163, 186 L.Ed.2d 314.

**{¶20}** The court sentencing Salim had full discretion to select any sentence it deemed appropriate within the relevant sentencing ranges and was entitled to engage in any fact-finding it thought necessary in reaching the decision to impose concurrent or consecutive sentences. This did not violate the holding in *Alleyne* and did not violate Salim's due process rights.

**{¶21}** Salim's first and second assignments of error are overruled.

{¶22}  The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur