[Cite as *State v. Wallace*, 2022-Ohio-2352.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. CT2021-0043 |
| JUSTIN WALLACE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
Pleas, Case No.  CR2021-0139


JUDGMENT:                                        Affirmed


DATE OF JUDGMENT ENTRY:          July 5, 2022


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

RONALD L. WELCH                          JAMES A. ANZELMO
PROSECUTING ATTORNEY              446 Howland Drive
TAYLOR P. BENNINGTON               Gahanna, Ohio  43230
ASSISTANT PROSECUTOR
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43701

*Wise, John, J.*

{¶1}    Appellant Justin Wallace appeals his sentence entered in the Muskingum County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On March 10, 2021, Appellant was indicted on one count of Possession of Drugs in violation of R.C. §2925.11(A) with a forfeiture specification, and one count Resisting Arrest in violation of R.C. §2921.33(A).

{¶3}    On June 14, 2021, Appellant entered a plea of guilty to the indictment.

{¶4}    On August 11, 2021, the trial court sentenced Appellant to an aggregate minimum prison term of seven mandatory years, and an aggregate maximum term of ten and a half years. The court ordered Appellant to forfeit $1,432 of seized U.S. currency.

## ASSIGNMENTS OF ERROR

{¶5}    Appellant filed a timely notice of appeal. He herein raises the following three Assignments of Error:

{¶6}    "I. AS AMENDED BYTHE [sic] REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

{¶7}    "II. WALLACE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶8} "III. THE TRIAL COURT ERRED BY DENYING WALLACE'S MOTION TO WAIVE THE MANDATORY FINE."

## I.

{¶9} In Appellant's first Assignment of Error, Appellant challenges the constitutionality of the Reagan Tokes Act, specifically R.C. §2967.271, which codified hybrid indefinite prison terms for first- and second-degree felonies. Appellant argues that the Act violates the separation of powers doctrine, the constitutional right to trial by jury, and due process. We disagree.

{¶10} This Court has previously found this type of challenge to not yet be ripe for review. *State v. Downard*, 5th Dist. Muskingum, CT2019, 2020-Ohio-4227, *appeal allowed*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1152. However, the Ohio Supreme Court found that the issue of the constitutionality of an indeterminate sentence imposed under R.C. §2967.271 ripens at the time of sentencing, and that the law may be challenged on direct appeal. *State v. Maddox*, 2022-Ohio-764, ¶21.

{¶11} Recently, in *State v. Burris*, 5th Dist. Guernsey No. 21CA000021, 2022-Ohio-1481, and *State v. Ratliff*, 5th Dist. Guernsey No. 21CA000016, 2022-Ohio-1372, this Court set forth analysis regarding Appellant's arguments.

### Violation of Right to Trial by Jury

{¶12} Appellant argues that the Department of Rehabilitation and Correction ("DRC") unilaterally conducts fact finding which may extend an inmate's sentence, and that this violates Appellant's right to trial by jury citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We disagree.

{¶13} In *Apprendi*, a jury convicted the defendant of a gun crime that carried a maximum prison sentence of 10 years. *Id*. However, a judge imposed a longer sentence pursuant to a statute providing him authorization. *Id*. The judge found, by a preponderance of the evidence, that the defendant had committed the crime with racial bias. *Apprendi* held this scheme unconstitutional. *Id*. "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum," the Court explained, "must be submitted to a jury, and proved beyond a reasonable doubt" or admitted by the defendant. 530 U. S. at 490, 120 S.Ct. 2348. A State may not avoid this restraint on judicial power by simply calling the process of finding new facts and imposing a new punishment a judicial "sentencing enhancement." *Id*., at 495, 120 S.Ct. 2348. "[T]he relevant inquiry is one not of form, but of effect—does the required [judicial] finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id*., at 494, 120 S.Ct. 2348.

{¶14} In *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the United States Supreme Court addressed mandatory minimum sentences and the Sixth Amendment. In *Alleyne*, the jury relied on victim testimony of an armed robbery that one of the perpetrators possessed a gun. The trial court relied on the same testimony to determine that either Alleyne or his accomplice brandished a gun. The testimony was the same, but the findings were different. The jury found that Alleyne possessed a gun, but made no finding with regard to whether Alleyne brandished a gun. The court, however determined that the gun was brandished. The Supreme Court reviewed the statutory punishment structure, which included a mandatory minimum sentence of five years if a crime of violence was committed while the offender carried a firearm, seven years if the

firearm was brandished, and ten years if the firearm was discharged during the crime. 18 U.S.C. 924(c)(1)(A). The crime was otherwise punishable by a term of imprisonment not exceeding 20 years. 18 U.S.C.1951 (a). The Court held that where facts were not found by a jury that enhanced the mandatory minimum penalty for a crime, the Sixth Amendment was violated. Specifically, "[b]ecause mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne* at 103. *See, State v. Fort*, 8th Dist. Cuyahoga No. 100346, 17 N.E.3d 1172, 2014-Ohio-3412, ¶29. However, the majority in *Alleyne* held:

> In holding that facts that increase mandatory minimum sentences must be submitted to the jury, we take care to note what our holding does not entail. Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial fact-finding, does not violate the Sixth Amendment. *See, e.g., Dillon v. United States*, 560 U.S. 817, ——, 130 S.Ct. 2683, 2692, 177 L.Ed.2d 271 (2010) ("[W]ithin established limits [,] ... the exercise of [sentencing] discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts" (emphasis deleted and internal quotation marks omitted)); *Apprendi*, 530 U.S. at 481, 120 S.Ct. 2348 ("[N]othing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment within the range prescribed by statute").

*Alleyne*, 570 U.S. at 116. *See also, State v. Salim*, 5th Dist. Guernsey No. 13 CA 28, 2014-Ohio-357, ¶19.

{¶15} Under the Reagan Tokes Act the judge imposes both a minimum and a maximum sentence. No judicial fact finding is required. In Ohio, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The Reagan Tokes Act does not permit the Department of Rehabilitation and Correction ("DRC") to extend a sentence beyond the maximum sentence imposed by the trial court. *Burris* at ¶86. "Further, the facts which postpone an inmate's release date are facts found as a result of prison disciplinary proceedings, not the underlying crime." *Id.*

## Violation of Separate Powers

{¶16} "The Ohio Supreme Court has made it clear that when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence." *Burris* at ¶78, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶18-20 citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶19. This is the scheme established by the Reagan Tokes Law. *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶23. The statute does not permit DRC to act outside of the maximum prison term imposed by the court. *Id.* Accordingly, the Reagan Tokes Act does not violate the separation of powers doctrine.

**Violation of Due Process**

**{¶17}** Procedural requirements are minimal in the context of parole. *Burris* at ¶59. "[P]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (citations omitted). Courts have found the following procedures should be accorded to prisoners in a disciplinary proceeding:

1). a prisoner is entitled to a review unaffected by "arbitrary" decision making. *Wolff*, 418 U.S. at 557-558, 94 S.Ct. 2963; (*See*, Ohio Admin. Code 5120-9-08). 2). Advance written notice of the claimed violation. *Wolff*, 418 U.S. at 563, 94 S.Ct. 2963. (*See*, Ohio Adm. Code 5120:1-8-12). 3). A written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff*, 418 U.S. at 563, 94 S.Ct. 2963. (*See*, Ohio Adm. Code 5120-9-08(M); Ohio Adm. Code 5120: 1-11(G)(1)). 4). Prison official must have necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. *Wolff*, 418 U.S. at 566, 94 S.Ct. 2963 (*See*, Ohio Adm. Code 5120-0-08(E) (3); Ohio Adm. Code 5120-9-08(F)). 5). "Where an illiterate inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the

form of help from the staff or from a sufficiently competent inmate designated by the staff." *Wolff*, 418 U.S. at 570, 94 S.Ct. 2963. (*See*, Ohio Adm. Code 5120-9-07(H)(1)).

> *Burris* at ¶55

**{¶18}** In the case *sub judice*, the DRC must conduct a hearing to rebut the presumptive release date. *Id*. at ¶66. According to R.C. §2967.271(C) the DRC must determine the applicability of the following factors:

> (1)    Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

> (a)    During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

> (b)    The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

> (2)    Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

**{¶19}** The Reagan Tokes Act requires DRC to provide notice of the hearing. R.C. §2967.271(E). The Ohio Administrative code sets forth inmate rules of conduct, disciplinary procedures for violations of the rules, under what circumstances an inmate is transferred to restrictive housing, and procedure for release consideration hearings. Ohio Adm. Code 5120-9-06; Ohio Adm. Code 5120-9-08; Ohio Adm. Code 5120-9-10; Ohio Adm. Code 5120: 1-1-11. Therefore, the DRC gives the inmate notice in advance of behavior which may contribute or result to extending their sentence.

**{¶20}** The Reagan Tokes Act provides the inmate an opportunity to be heard. The DRC "shall provide notices of hearings to be conducted under division (C) or (D) of this section in the same manner, and to the same persons, as specified in section 2967.12 and Chapter 2930 of the Revised Code with respect to hearings to be conducted regarding the possible release on parole of an inmate." R.C. §2967.271(E).

**{¶21}** Therefore, we find the Reagan Tokes Act does not violate Appellant's right to due process.

**II.**

**{¶22}** In Appellant's second Assignment of Error, Appellant argues his trial counsel rendered ineffective assistance by failing to challenge the constitutionality of R.C. §2967.271. We disagree.

**{¶23}** To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell

below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

**{¶24}** Because we have found R.C. §2967.271 is constitutional, Appellant cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court.

**{¶25}** Appellant's second Assignment of Error is overruled.

**III.**

**{¶26}** In Appellant's third Assignment of Error, Appellant argues the trial court erred in overruling his motion to waive the mandatory fine in the instant case. We disagree.

**{¶27}** Appellate courts review a decision to impose a financial sanction for an abuse of discretion. *State v. Ludwig*, 5th Dist. Muskingum No. CT2020-0008, 2021-Ohio-383, ¶22; citing *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998).

**{¶28}** R.C. 2929.18(B)(1) states, in pertinent part, "[i]f an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."

**{¶29}** In *State v. Perry*, 5th Dist. Stark No. 2004-CA-00066, 2005-Ohio-85, ¶27 this Court held:

> [T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record." *State v. Martin*, 140 Ohio App.3d 326, 338, 747 N.E.2d 318, 2000-Ohio-1942. Although a court may hold a hearing under R.C. 2929.18(E) "to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it" a court is not required to do so. *State v. Stevens* (Sept. 21, 1998), 12th Dist. No. CA98-01-001, unreported ("although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue." "All that R.C. 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay. *State v. Dunaway*, 12th Dist. No. CA2001-12-280, 2003-Ohio-1062, at 36; *Martin*, 140 Ohio App.3d at 33, 746 N.E.2d 642 (Emphasis added).

**{¶30}** R.C. §2929.18(B)(1) places the burden on the offender to demonstrate indigency and an inability to pay the mandatory fine. *State v. Gipson*, 80 Ohio St.3d 626, 635, 687 N.E.2d 750 (1998). The trial court does not have to find an offender is able to pay, but the fine is mandatory unless the offender established indigence and an inability to pay. *Id.*

**{¶31}** The trial court denied the motion to waive the mandatory fine, finding that Appellant is a drug dealer and the amount of money forfeited, it was not unreasonable for

Appellant to be able to pay the mandatory fine. We find the trial court did not abuse its discretion in overruling Appellant's motion to waive the mandatory fine.

**{¶32}** Appellant's third Assignment of Error is overruled.

**{¶33}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: Wise, John, J.

Wise, Earle, P. J., and

Delaney, J., concur.

JWW/br  0629