[Cite as *State v. Clark*, 2022-Ohio-2693.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2021 CA 00025 |
| | : | |
| CONNOR J. CLARK | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court
of Common Pleas, Case No. 2021 CR
00155

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     August 4, 2022

APPEARANCES:

For Plaintiff-Appellee:

KYLE WITT
FAIRFIELD COUNTY PROSECUTOR
239 West Main St.
Suite 101
Lancaster, OH 43130

For Defendant-Appellant:

LAUREN HAMMERSMITH
ASST. STATE PUBLIC DEFENDER
250 East Broad St., Suite 1400
Columbus, OH 43215

*Delaney, J.*

{¶1} Defendant-Appellant Conner J. Clark appeals the July 21, 2021 judgment entry of sentence by the Fairfield County Court of Common Pleas. The Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A recitation of the underlying facts giving rise to this appeal are not necessary for the disposition of this appeal.

{¶3} On February 4, 2021, the State filed an amended complaint in the Fairfield County Juvenile Court against Defendant-Appellant Connor J. Clark, alleging charges for two counts of murder, one count of aggravated murder, two counts of aggravated burglary, and three counts of aggravated robbery (all with gun specifications) for an incident that occurred on January 26, 2021. Clark waived his right to a probable cause hearing and the Juvenile Court transferred his case to the Fairfield County Court of Common Pleas, General Division.

{¶4} Clark was indicted on the same charges by the Fairfield County Grand Jury on May 6, 2021. He entered a not guilty plea to the charges.

{¶5} On July 20, 2021, Clark appeared before the trial court for a plea hearing and sentencing. Clark and the State entered into a plea agreement where Clark pled guilty to an amended Count One, that count being amended from a charge of aggravated murder to involuntary manslaughter, a first-degree felony in violation of R.C. 2903.04(A), with two specifications under R.C. 2941.145(A) and R.C. 2941.1417(A); and a guilty plea to Count Eight, that count being aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1) and R.C. 2911.01(C). (T. 4).

{¶6} The trial court conducted the plea colloquy and accepted Clark's guilty pleas. (T. 19-20). It then moved to sentencing. On offense of involuntary manslaughter in Count One, the trial court sentenced Clark to a definite minimum prison term of ten years to be served in the Ohio Department of Rehabilitation and Corrections, and an indefinite maximum prison term of 15 years. (T. 100). The trial court next sentenced Clark to a mandatory three-year term of imprisonment on the specification to Count One. (T. 100-101). Finally, the trial court sentenced Clark to three years in prison on Count Eight, aggravated robbery. (T. 101). The prison terms were to be served consecutively. (T. 101). Accordingly, the trial court sentenced Clark to an aggregate definite minimum prison term of 16 years to an aggregate indefinite prison term of 21 years in accordance with the Reagan Tokes Act. (T. 102). Trial counsel for Clark did not object to the imposition of the sentence pursuant to the Reagan Tokes Act.

{¶7} The judgment entry of sentence was journalized on July 21, 2021. It is from this judgment entry that Clark now appeals.

## ASSIGNMENTS OF ERROR

{¶8} Clark raises two Assignments of Error:

{¶9} "I. BECAUSE THE REAGAN TOKES ACT VIOLATES THE OHIO AND UNITED STATES CONSTITUTIONS, CONNER'S SENTENCE IS CONTRARY TO LAW.

{¶10} "II. CONNER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE TRIAL COURT'S APPLICATION OF THE REAGAN TOKES ACT IN VIOLATION OF THE SIXTH AND FOURTEEN AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 10."

**ANALYSIS**

**I.**

{¶11} In Clark's first Assignment of Error, Clark challenges the constitutionality of the Reagan Tokes Act, codified under R.C. 2967.271. Clark argues that the Reagan Tokes Act violates the separation of powers doctrine, the constitutional right to trial by jury, and due process.

{¶12} Prior to March 16, 2022, this Court held that a challenge to the constitutionality of the Reagan Tokes Act was not ripe for review. *See State v. Downard*, 5th Dist. Muskingum, CT2019, 2020-Ohio-4227, appeal allowed, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1152. However, the Ohio Supreme Court issued its decision in *State v. Maddox*, -- Ohio St.3d --, 2022-Ohio-764, -- N.E.3d --, where it held the issue of the constitutionality of an indeterminate sentence imposed under R.C. 2967.271 ripens at the time of sentencing, and that the law may be challenged on direct appeal.

{¶13} Recently, in *State v. Burris*, 5th Dist. Guernsey No. 21CA000021, 2022-Ohio-1481, and *State v. Ratliff*, 5th Dist. Guernsey No. 21CA000016, 2022-Ohio-1372, this Court set forth analysis regarding Clark's arguments. For the reasons set forth in *Burris* and *Ratliff*, we find the Reagan Tokes Act is constitutional and overrule Clark's first Assignment of Error. *See State v. Brazo*, 5th Dist. Licking No. 2021 CA 0016, 2022-Ohio-2066; *State v. Wallace*, 5th Dist. Muskingum No. CT2021-0043, 2022-Ohio-2352.

**II.**

{¶14} Clark argues in his second Assignment of Error that his trial counsel provided ineffective assistance by failing to challenge the constitutionality of the Reagan Tokes Act. We disagree.

{¶15} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶16} Because we have found the Reagan Tokes Act is constitutional, Clark cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court.

{¶17} Clark's second Assignment of Error is overruled.

## CONCLUSION

{¶18} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, Earle, P.J. and

Wise, John, J., concur.