[Cite as *State v. Kennedy*, 2025-Ohio-5581.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0037 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0716 |
| KAISEAN KENNEDY | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry: December 15, 2025 |

**BEFORE:**   CRAIG R. BALDWIN, P.J**.,** KEVIN W. POPHAM, J., DAVID M. GORMLEY, J., Appellate Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; KAISEAN KENNEDY, PRO SE For Defendant-Appellant

OPINION

*Popham, J.*

{¶1}   Defendant-appellant Kaisean Kennedy ("Kennedy") appeals from his conviction and sentence following a negotiated guilty plea in the Muskingum County Court of Common Pleas.  For the reasons below, we affirm.

**Facts and Procedural History**

{¶2}   On August 1, 2024, law enforcement officers were dispatched to perform a welfare check. *Plea T. at 13.* Officers discovered Kennedy passed out behind the wheel of a running white Nissan automobile. *Id. at 14*. The officers detected the odor of alcohol

and ultimately found Kennedy in possession of more than eight but less than nine grams of fentanyl, a handgun, a scale, and $1,820 in U.S. currency. *Id.*

{¶3} On November 7, 2024, the Muskingum County Grand Jury returned an indictment charging Kennedy with:

Count 1: Trafficking in a Fentanyl-Related Compound, a third-degree felony, in violation of R.C. 2925.03(A)(2)/(C)(9)(d);

Count 2: Possession of a Fentanyl-Related Compound, a third-degree felony, in violation of R.C. 2925.03(A)(2)/(C)(11)(c);

Count 3: Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a third-degree felony, in violation of R.C. 2925.041(A)/(C);

Counts 4, 5, and 6: Having Weapons While Under Disability, third-degree felonies, in violation of R.C. 2923.13(A)(2), (A)(3), (A)(4)/(B);

Counts 7 and 8: Improper Handling of a Firearm in a Motor Vehicle, fourth-degree felonies, in violation of R.C. 2923.16(A), (B)/(I); and

Count 9: OVI, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(a)/(G)(1)(a).

{¶4} Each count carried a one-year firearm specification under R.C. 2941.141(A), as well as a forfeiture specification pursuant to R.C. 2941.1417(A) seeking forfeiture of the $1,820, a handgun, and the Nissan Altima.

{¶5} On January 22, 2025, a Crim.R. 11(C) and (F) plea form signed by Kennedy, defense counsel, and the assistant prosecutor was filed. *Docket Entry No. 13.* In exchange for Kennedy's guilty plea to Counts 1, 4, and 9, along with the specifications,

the State agreed to dismiss Counts 2, 3, 5, 6, 7, and 8. The parties also stipulated that the offenses did not merge and jointly recommended a three-year prison sentence.

{¶6} The trial court conducted a change-of-plea hearing on January 22, 2025. Although Kennedy initially agreed to waive preparation of a presentence investigation report ("PSI"), the court deferred sentencing and ordered a PSI. *Plea T. at 15, 19*.

{¶7} On March 17, 2025, after reviewing the PSI and hearing statements from counsel and Kennedy, the court imposed a sentence of 24 months on Count 1 plus a mandatory consecutive one-year term for the firearm specification; 36 months on Count 4; and 180 days of local incarceration on Count 9. *Sent. T. at 8.* The court ordered the sentences for Counts 1 and 4 to run consecutively, for an aggregate five-year term plus the one-year firearm specification. *Judgment Entry, Mar. 19, 2025 (Docket Entry No. 18).*

{¶8} Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

## Standard of Review — *Anders v. California*

{¶9} Under *Anders*, if appointed counsel, after a conscientious review of the record, concludes the appeal is wholly frivolous, counsel must so advise the court and request permission to withdraw, accompanied by a brief identifying any arguable issues. *Id. at 744.* Counsel must also provide the defendant with a copy of the brief and withdrawal request and allow sufficient time for the defendant to raise any matters of his choosing. *Id.*

{¶10} Once counsel satisfies these requirements, the appellate court must independently review the record to determine whether any arguably meritorious issues exist. If the court concludes the appeal is wholly frivolous, it may grant counsel's motion

to withdraw and dismiss the appeal or proceed to a decision on the merits if state law so requires. *Id.*

{¶11}   By Judgment Entry dated July 11, 2025, this Court acknowledged receipt of counsel's *Anders* brief and motion to withdraw, confirmed that Kennedy was served with both, and granted Kennedy sixty days to file a pro se brief. Kennedy filed his pro se brief on September 22, 2025.

{¶12}   We conclude that appellate counsel has satisfied the procedural requirements of *Anders*.

{¶13}   An appeal is frivolous if it presents issues "lacking in arguable merit." *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.). An issue lacks arguable merit when, under the facts and governing law, "no responsible contention can be made that it offers a basis for reversal." *Id.*; *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2d Dist.); *State v. Grant*, 2023-Ohio-4614, ¶ 11 (5th Dist.).

{¶14}   We now review the proposed assignments of error and Kennedy's pro se argument.

### Appointed Counsel's Proposed Assignments of Error

{¶15}   "I. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING MANDATORY FINES DESPITE KENNEDY'S REQUEST THAT THEY BE WAIVED."

{¶16}   "II. THE TRIAL COURT ERRED IN ACCEPTING KENNEDY'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

**Kennedy's Pro Se Assignment of Error**

{¶17} "I. THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE LONGER THAN THE THREE-YEAR TERM HE BELIEVED HE WOULD RECEIVE AND FAILED TO PROPERLY ALLOW HIM THE OPPORTUNITY TO WITHDRAW HIS PLEA."

**I. Mandatory Fines**

{¶18} Appellate counsel first contends that the trial court erred by imposing mandatory fines despite Kennedy's request for waiver.

**Standard of Review**

{¶19} We review the imposition of financial sanctions for abuse of discretion. *State v. Gipson*, 80 Ohio St.3d 626, 634 (1998). An abuse of discretion is more than an error of judgment; it requires a showing of perversity of will, passion, prejudice, partiality, or a violation of legal principles. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993); *State v. McCauley*, 2025-Ohio-3158, ¶ 49 (5th Dist.).

**Background**

{¶20} On January 22, 2025, Kennedy filed a motion to suspend mandatory fines along with an affidavit of indigency. *Docket Entry No. 12.* At sentencing, the trial court found:

- A mandatory $375 fine applied to the OVI conviction.

- A mandatory $5,000 fine applied to the trafficking offense.

- The court declined to waive fines, finding Kennedy to be a "drug dealer."

- The court ordered forfeiture of the $1,820 found in Kennedy's possession at the time of his arrest.

*Sent. T. at 9.*

## I. Applicable Law and Analysis

{¶21}  Under R.C. 2929.18(B)(1), a court may not impose mandatory fines if the offender timely files an affidavit of indigency and the court determines the offender is indigent and unable to pay. R.C. 2929.18(E) permits—but does not require—a hearing on ability to pay.

{¶22}  Even when an affidavit is properly filed, a defendant is not automatically entitled to a waiver. *Gipson*, 80 Ohio St.3d at 634. A trial court must consider the defendant's present and future ability to pay but is not required to make specific findings. *State v. Perry*, 2005-Ohio-85, ¶ 27 (5th Dist.); *State v. Wallace*, 2022-Ohio-2352, ¶ 29 (5th Dist.).

{¶23}  Here, Kennedy reported that he had recently been employed full-time but had been laid off. *Plea T. at 17-18.* He possessed $1,820 at the time of arrest. *Sent. T. at 9.* Based on this record, the court concluded that Kennedy had the ability to pay the mandatory fines.

{¶24}  We find no abuse of discretion. *Wallace*, 2022-Ohio-2352, ¶ 31.

## II. Validity of the Guilty Plea and Sentencing

*Guilty Plea*

{¶25}  Crim.R. 11(C) requires that guilty pleas be entered knowingly, intelligently, and voluntarily. Strict compliance is required for constitutional rights; substantial compliance is sufficient for nonconstitutional rights. *State v. Veney*, 2008-Ohio-5200, ¶¶ 19, 31; *State v. Ballard*, 66 Ohio St.2d 473 (1981).

{¶26} The trial court conducted a thorough colloquy. Kennedy confirmed that he understood:

- the elements of the offenses;

- the jointly recommended sentence;

- that the judge was not bound by the recommendation;

- the rights he was waiving, including the right to jury trial, confrontation, compulsory process, and the right against self-incrimination; and

- the maximum penalties involved.

*Plea T. at 6-12.* Kennedy also stated that he was satisfied with counsel. *Id.* at 9. Kennedy and his attorney signed the written plea form. *Docket Entry No. 13.*

{¶27} The record demonstrates full compliance with Crim.R. 11. No arguably meritorious issue exists regarding the validity of the plea.

*Sentencing*

{¶28} We review felony sentences under R.C. 2953.08. A sentence is contrary to law if it falls outside the statutory range or is based on improper considerations. *State v. Jones*, 2020-Ohio-6729, ¶ 34; *State v. Ray*, 2025-Ohio-2023, ¶¶ 67–71 (5th Dist.).

{¶29} A trial court is not required to make specific findings concerning R.C. 2929.11 and 2929.12 but must consider them. *Jones*, ¶ 20.

{¶30} Kennedy's sentence falls within the statutory ranges, and the record reflects proper consideration of the sentencing statutes. We find no error. *State v. Elkins*, 2023-Ohio-1358, ¶ 22 (5th Dist.); *State v. Parks*, 2025-Ohio-960, ¶¶ 29-30 (5th Dist.).

## III. Kennedy's Pro Se Argument

{¶31}  Kennedy argues that the trial court erred by imposing more than the jointly recommended three-year sentence and by not allowing him to withdraw his plea.

{¶32}  A plea agreement between the State and a defendant does not bind the sentencing discretion of the trial court. *State v. Pettiford*, 2002-Ohio-1914 (12th Dist.); *State v. Felder*, 2018-Ohio-826, ¶ 21 (5th Dist.). Crim.R. 11 expressly contemplates that sentencing lies within the court's discretion. *State v. Mathews*, 8 Ohio App.3d 145, 146 (10th Dist. 1982).

{¶33}  Nothing in the record shows that the trial judge promised Kennedy a three-year sentence. The State fulfilled its obligations by dismissing the agreed counts and recommending a three-year term. *Plea T. at 5; Sent. T. at 3.*

{¶34}  Kennedy never moved - either orally at sentencing or in writing - to withdraw his plea. The record shows he understood the terms of the plea agreement and the sentencing ranges, and that the trial court was not bound by the joint recommendation. *Plea T. at 10-11.*

{¶35}  There is no arguable basis for relief.

## IV. Conclusion

{¶36}  After conducting our independent review of the record pursuant to *Anders*, we agree with appellate counsel that no arguably meritorious grounds for appeal exist. The appeal is wholly frivolous.

{¶37}  Counsel's motion to withdraw is granted.

{¶38}  Kennedy's pro se assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs to Appellant, Kaisean Kennedy.

By: Popham, J.

Baldwin, P.J. and

Gormley, J., concur