[Cite as *State v. Holder*, 2018-Ohio-3337.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-02-006 |
| | : | O P I N I O N |
| - vs - | | 8/20/2018 |
| | : | |
| LAWRENCE HOLDER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20170056

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, Nicholas A. Adkins, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Patrick T. Clark, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Lawrence Holder, appeals the decision of the Madison County Court of Common Pleas, denying his motion to terminate court costs. For the reasons detailed below, we affirm.

{¶ 2} Holder pled guilty to one count of felonious assault in violation of R.C. 2903.11 related to a physical altercation he was involved in while incarcerated in the Madison

Correctional Institution. On October 23, 2017, the trial court sentenced Holder to two years in prison and ordered him to pay $1,338.80 costs for prosecution. Holder did not file a direct appeal.

{¶ 3} On February 5, 2018, Holder moved to terminate court costs, arguing that he is indigent and had no current or future ability to pay costs. The trial court denied Holder's motion. Holder now appeals the trial court's decision, raising a single assignment of error for review:

{¶ 4} THE TRIAL COURT ABUSED ITS DISCRETION BY SUMMARILY DENYING LAWRENCE HOLDER'S MOTION TO TERMINATE HIS COURT COSTS WITHOUT CONSIDERATION OF CURRENT OR FUTURE ABILITY TO PAY THOSE COSTS IN VIOLATION OF HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION. SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION; R.C. 2947.23; FULLER V. THREATT, 108 OHIO ST.3D 277, 2006-OHIO-905; 843 N.E.2D 164; STATE V. DUNSON, 2D DIST. MONTGOMERY NO.26990, 2016-OHIO-8365; STATE V. COPELAND, 2D DIST. MONTGOMERY NO. 26842, 2016-OHIO-7797.

{¶ 5} In his sole assignment of error, Holder argues the trial court erred by denying his motion to terminate court costs without determining his ability to pay. We disagree.

{¶ 6} Our standard of review on this issue is whether the imposition of costs and financial sanctions was contrary to law. *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, ¶ 30 ("[a]n appellate court may not modify a financial sanction unless it finds by clear and convincing evidence that it is not supported by the record or is contrary to law"); *State v. Welninski*, 6th Dist. Wood Nos. WD-16-039 and WD-16-040, 2018-Ohio-778, ¶ 110.

{¶ 7} With regard to the costs of prosecution, the Ohio Supreme Court has held that R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the

defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶ 8. As a result, the trial court did not err by imposing the costs of prosecution against Holder.

{¶ 8} However, we also note that the trial court may waive the payment of costs imposed if the trial court finds that the defendant is indigent. *Id.* at ¶ 14; *State v. Brannon*, 12th Dist. Butler No. CA2016-05-096, 2017-Ohio-628, ¶ 37; *State v. Wright*, 12th Dist. Fayette No. CA2017-10-021, 2018-Ohio-1982, ¶ 48. Nevertheless, contrary to Holder's argument otherwise, the trial court did not err by denying his motion. In this case, Holder had recently been sentenced and ordered to pay court costs. During the plea and sentencing hearing, Holder stated that he was not employed in the penitentiary, had no income, and was subject to a "23-and-1 lock down for the next three years." There is no evidence that Holder's financial situation has become any worse than it was at the time of his sentencing hearing. Though Holder did not have income at the time of sentencing, nor at the time of the filing of his motion, we note that the decision to waive costs is discretionary with the trial court. As a result, we find the trial court did not err by denying Holder's request to terminate court costs. Appellant's assignment of error is overruled.

{¶ 9} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.