[Cite as *State v. Holland*, 2018-Ohio-4975.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 17CA8 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| TIANA HOLLAND, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 12/06/18** |

_____

APPEARANCES:

Gene Meadows, Portsmouth, Ohio, for Appellant.

Justin Lovett, Jackson County Prosecuting Attorney, and Nick Wille, Assistant Jackson County Prosecuting Attorney, Jackson, Ohio, for Appellee.

_____

McFarland, J.

{¶1} This is an appeal of a judgment filed in the Jackson County Court of Common Pleas imposing, among other things, a mandatory fine in the amount of $7,500.00 in connection with Appellant's convictions for one count of trafficking in cocaine, a second-degree felony in violation of R.C. 2925.03(A)(2), and one count of trafficking in heroin, a third-degree felony of R.C. 2925.03(A)(2). On appeal, Appellant contends that the trial court erred to her prejudice and abused its discretion when it imposed a mandatory fine pursuant to R.C. 2929.18(B)(1) despite the filing of an affidavit of

indigency prior to the sentencing hearing, and the failure of the trial court to make any type of finding regarding her future ability to pay. Because the record clearly indicates the trial court expressly stated it believed Appellant had the future ability to pay, despite her present indigency, we find no error by the trial court. Thus, her sole assignment of error is overruled. Accordingly, the decision of the trial court is affirmed.

                                        FACTS

{¶2} A five-count felony indictment was filed against Appellant, Tiana Holland, on October 10, 2014, alleging various trafficking and possession of heroin, cocaine and marihuana offenses. A review of the record indicates the trial court found Appellant to be indigent at the arraignment and she was provided with court-appointed counsel. Appellant thereafter entered into negotiations with the State which resulted in a plea agreement whereby Appellant pleaded guilty to count one, as amended to second-degree felony trafficking in cocaine, in violation of R.C. 2925.03(A)(2), and count two, as amended to third-degree felony trafficking in heroin, in violation of R.C. 2925.03(A)(2). Counts three, four and five were dismissed.

{¶3} A sentencing hearing was held on October 18, 2017. An affidavit of indigency was filed on October 23, 2017, and a sentencing order

was filed the same day. The trial court ultimately sentenced Appellant to a combination of prison, community control and post-release control sanctions. Pertinent to this appeal, the trial court also imposed a mandatory fine in the amount of $7,500.00, despite the fact that Appellant had filed an affidavit of indigency. It is from this judgment that Appellant now brings her timely appeal, setting forth a single assignment of error for our review.

## ASSIGNMENT OF ERROR

"I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AND ABUSED THE TRIAL COURT'S DISCRETION WHEN THE TRIAL COURT IMPOSED A MANDOTORY [SIC] FINE PURSUANT TO RC 2929.18(B)(1) DESPITE THE FILING OF AN AFFIDAVIT OF INDIGENCY FILED BY THE DEFENDANT-APPELLANT PRIOR TO THE SENTENCING HEARING AND THE FAILURE OF THE TRIAL COURT TO MAKE ANY TYPE OF FINDING REGARDING THE DEFENDANT-APPELLANT'S FUTURE ABILITY TO PAY."

## ASSIGNMENT OF ERROR I

{¶4} In her sole assignment of error, Appellant contends that the trial court erred and abused its discretion when it imposed a mandatory fine in the amount of $7,500.00 despite the fact that Appellant had filed an affidavit of indigency prior to the sentencing hearing. Appellant also argues the trial court failed to make any type of finding regarding her future ability to pay. The State contends, however, that a trial court's imposition of a mandatory fine after making a finding that a defendant has the future ability to pay the

fine is not contrary to law.  For the following reasons, we agree with the State.

{¶5} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 22-23.  Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."  Instead, R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

> "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law."

Relevant the present appeal, we note that " '[p]ursuant to R.C. 2929.18(B)(1), a sentencing court is required to impose a mandatory fine for a first, second, or third degree felony violation of any provision of Chapter 2925, 3719, or 4729 of the Revised Code.' " *State v. Fisher*, 4th Dist. Jackson No. 17CA5, 2018-Ohio-2718, ¶ 28; quoting *State v. Robinson*, 4th Dist. Lawrence No. 13CA18, 2015-Ohio-2635, ¶ 26.  As set forth above, Appellant pleaded guilty to trafficking in cocaine, a second-degree felony in

violation of R.C. 2925.03(A)(2), and trafficking in heroin, a third-degree

felony in violation of R.C. 2925.03(A)(2), both of which subjected

Appellant to a mandatory fine per R.C. 2929.18(B)(1).

{¶6} This Court recently noted in *State v. Fisher*, *supra*, at ¶ 29 as

follows:

> " '[T]he imposition of a mandatory fine under R.C.
> 2929.18(B)(1) is required unless (1) the offender's affidavit is
> filed prior to sentencing and (2) the trial court finds that the
> offender is an indigent person and is unable to pay the
> mandatory fines.' (Emphasis sic.) *Robinson* at ¶ 28, citing *State
> v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1988);
> R.C. 2929.18(B)(1) ('If an offender alleges in an affidavit filed
> with the court prior to sentencing that the offender is indigent
> and unable to pay the mandatory fine and if the court
> determines the offender is an indigent person and is unable to
> pay the mandatory fine described in this division, the court shall
> not impose the mandatory fine upon the offender'); R.C.
> 2925.11(E)(1)(a) ('If the violation is a felony of the first,
> second, or third degree, the court shall impose upon the
> offender the mandatory fine specified for the offense under
> division (B)(1) of section 2929.18 of the Revised Code unless,
> as specified in that division, the court determines that the
> offender is indigent')."

{¶7} Here, Appellant contends that she filed her affidavit of indigency

prior to the sentencing hearing.  However, the record indicates Appellant's

sentencing hearing was held on October 18, 2017, and her affidavit of

indigency was not filed until October 23, 2017, the same day the order on

sentencing was filed.  Regardless, the Supreme Court of Ohio "has held that

an indigency affidavit filed pursuant to R.C. 2929.18(B)(1) is timely, if the

affidavit is indorsed, i.e., time-stamped by the clerk of court prior to the filing of the court's sentencing entry." *State v. Robinson*, *supra*, at ¶ 29; citing *State v. Gipson* at syllabus.  Because Appellant's affidavit was filed the same day as the sentencing entry, and because the time-stamps contain dates only, and not times, we are unable to discern whether Appellant's affidavit was filed prior to the sentencing entry.  However, because the State does not argue it was untimely filed, we will presume the regularity of the record and trust that the affidavit of indigency was timely filed.[1]

{¶8} Assuming Appellant's affidavit of indigency was timely filed and properly before the trial court, as noted in *Fisher, supra*, at ¶ 36, "a finding of indigence for purposes of appointed counsel does not shield a defendant from paying a fine because the ability to pay a fine over time is not equivalent to the ability to pay legal counsel based on the defendant's current financial situation." Citing *State v. Lykins*, 2017-Ohio-9390, 102 N.E.3d 503, ¶ 17 (4th Dist.); *State v. Plemons*, 2nd Dist. Montgomery Nos. 26434, 26435, 26436, and 26437, 2015-Ohio-2879, ¶ 9.  Moreover, " '[s]imply because a trial court finds a defendant indigent for purposes of appointed counsel does not mean that the defendant lacks the future ability to pay' for

---

[1] We also note that the trial court made an earlier finding of indigency at Appellant's arraignment hearing, which triggered appointment of counsel.  However, we were unable to locate an affidavit of indigency filed at that time.

purposes of a fine." *Fisher* at ¶ 36; quoting *Lykins* at ¶ 17; citing *State v. Noble*, 4th Dist. Athens No. 15CA20, 2017-Ohio-1440, ¶ 58.

{¶9} Here, Appellant contends that the trial court was required to hold a hearing to determine Appellant's future ability to pay the mandatory fine and cites *State v. Robinson*, *supra*, in support of her contention. However, this Court did not state a hearing was required to be held, but rather that a trial court must issue a "ruling" on the issue. *State v. Robinson* at ¶ 30. The record before us indicates that the trial court engaged in an exchange with defense counsel regarding Appellant's present indigency versus her future ability to pay a mandatory fine, and the trial court expressly stated that it believed Appellant "would have the future ability to earn income and pay that fine." When Appellant's counsel again stated that he had filed an affidavit of indigency, the trial court stated ". . . yes . . . and I think that certainly deals with the current ability but . . . [] . . . future ability I'm not aware of anything that would prevent your client from being gainfully employed and paying that [.]" Thus, contrary to Appellant's arguments, the trial court clearly considered Appellant's future ability to pay and made a ruling on the issue.

{¶10} Much like the trial court, there is nothing in the record before us to indicate anything preventing Appellant's future ability to pay a mandatory

fine.  The record indicates Appellant was working towards her GED prior to her arrest and was employed at that time.  Although there was nothing in the record before us indicating Appellant's age, we take judicial notice of the information contained on the Ohio Department of Corrections webpage which states Appellant was born in 1982, thus making her approximately thirty-five years old at the time of sentencing.[2]  Appellant would only be forty years old upon release from prison and would have many years to become gainfully employed in order to pay her fine.

{¶11} Therefore, Appellant has not met her burden of establishing that the trial court's imposition of a mandatory fine was clearly and convincingly contrary to law.  Accordingly, her sole assignment of error is overruled and the decision of the trial court is affirmed.

                                                        **JUDGMENT AFFIRMED.**

---

[2] *State v. Filous*, 2017-Ohio-203, 95 N.E.3d 573, FN 1 (4th Dist.); citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8, 10 (court can take judicial notice of judicial opinions and public records accessible from the internet).

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
        Matthew W. McFarland

### **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**