[Cite as *State v. Strange*, 2023-Ohio-495.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 22CA1156 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| PRISCILLA STRANGE, | : | |
| Defendant-Appellant. | : | **RELEASED 2/17/2023** |

_____

<u>APPEARANCES</u>:

Christopher Bazeley, Cincinnati, Ohio, for appellant.

David Kelley, Adams County Prosecuting Attorney, and Austin Ervin, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for appellee.

_____

Hess, J.

{¶1}     Priscilla Strange appeals the trial court's judgment finding that she was in violation of the terms and conditions of community control, revoking her community control, and imposing her prison term and a $250 fine. She contends that the trial court erred when it imposed the fine without first holding a hearing on whether she had the ability to pay.

{¶2}     We reject her argument. The trial court is not required to hold a hearing on whether she has the ability to pay. It is sufficient if the record shows that the trial court considered her present and future ability to pay. Here, the trial court discussed her work history, age, lack of physical limitations or disabilities, and her potential earnings while in prison and determined that she had the ability to pay the $250 fine.  We overrule her assignment of error and affirm the trial court's judgment.

I.      PROCEDURAL HISTORY

{¶3}    In February 2022, Strange was indicted with one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony, and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony. Strange pleaded guilty to both offenses and was placed on community control for a term of three years. In August 2022, the Adams County Probation Department filed a motion to revoke community control, alleging that Strange had violated community control by failing to reside at her stated residence, failing to report to probation, admitting to methamphetamine use, and failing to report to the drug rehabilitation treatment program. The trial court found probable cause that Strange had violated certain terms of community control, revoked her community control, and imposed a 10-month prison term for aggravated drug possession and a 24-month prison term for tampering with evidence, to be served concurrently for a total prison term of 24 months.[1]  The trial court also imposed a $250 fine and stated that in the event Strange failed to pay it, the court may order her to perform community service until the judgment is paid. In imposing the fine, the trial court found, "the defendant has the past, present, and future income ability and/or potential to satisfy all financial sanctions as imposed."

{¶4}    The trial court considered Strange's income earning abilities several times throughout the course of the criminal proceedings. At the initial sentencing hearing, which was postponed to allow Strange to resolve outstanding bench warrants, Strange informed the court that she had applied for a job as an electrical assistant – a job she learned about from her father, which would start at between $15 to $17 an hour. At the subsequent sentencing hearing, the trial court ordered her to pay the cost of prosecution and

---

[1] This was a modification of her original sentence which had imposed consecutive terms for a total prison term of 34 months.

supervision fees after finding that Strange was young, had no physical limitations, had previous work experience at Wendy's and McDonald's, and would be obtaining her GED. The trial court stated, "So, for these reasons the court finds, she has the past present future [sic] earning income ability to satisfy these financial sanctions." At the revocation hearing, the trial court imposed the additional $250 fine in addition to costs and fees, after finding that she had the past, present, and future income earning ability to satisfy the financial sanctions.

> [S]he was previously employed at Wendy's at the end of 2021. Uh, there are ample jobs in, uh, food and beverage if she wishes to return to that. Uh, she's a, uh, young lady of, uh, 26 will be 27 in October[.] [S]he'll be able to, uh, earn her GED while in prison. She'll be able to earn $17 to $22 per month while also in prison. For all these reasons the court finds that she has the past, present, and future earning income ability to, to satisfy these financial sanctions.

**{¶5}** Strange appealed the $250 fine.

## II.  ASSIGNMENT OF ERROR

**{¶6}** Strange assigns the following error for our review:

1.      The trial court erred when it imposed a fine of $250.

## III. LEGAL ANALYSIS

### A. Felony Sentencing Review

#### 1. Standard of Review & Statutory Fines

**{¶7}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2):

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its

discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶8}** We may vacate or modify a felony sentence if we clearly and convincingly find that the record does not support the trial court's findings. *State v. Layne*, 4th Dist. Adams No. 20CA1116, 2021-Ohio-255, ¶ 6. " 'This is an extremely deferential standard of review.' " *Id.* at ¶ 8, quoting *State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-3943, ¶ 8. Clear and convincing evidence is proof that is more than a "mere preponderance of the evidence" but not of such certainty as "beyond a reasonable doubt," and produces in the mind a "firm belief or conviction" as to the facts sought to be established. *State v. Conant,* 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 42; *see also State v. Hughes,* 4th Dist. Adams No. 21CA1127, 2021-Ohio-3127, ¶ 37-38.

**{¶9}** R.C. 2929.18(A) allows the trial court to sentence a felony offender "to any financial sanction or combination of financial sanctions authorized under this section" and includes fines of up to $10,000 for third-degree felonies and up to $2,500 for fifth-degree felonies. Under R.C. 2929.18(E), the trial court may hold a hearing to determine the offender's ability to pay: "A court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it."

**{¶10}** "In reviewing a trial court's imposition of a financial sanction, we apply the standard set forth in R.C. 2953.08(G)(2)(b), inquiring whether the imposition of the

financial sanction is clearly and convincingly contrary to law." *State v. Dwyer*, 2d Dist.

Greene No. 2021-CA-16, 2022-Ohio-490, ¶ 53.

> Before a court may impose a financial sanction, it is required to consider the defendant's present and future ability to pay. R.C. 2929.19(B)(5). There are no specific factors the trial court must consider in its analysis, nor must it make any specific findings. *State v. Freeman*, 1st Dist. Hamilton No. C-180090, 2018-Ohio-4973, ¶ 10; *State v. Percy*, 8th Dist. Cuyahoga No. 109502, 2021-Ohio-1876, ¶ 19. "The record should, however, contain 'evidence that the trial court considered the offender's present and future ability to pay before imposing [a financial sanction.]' " *State v. Culver*, 160 Ohio App.3d 172, 2005-Ohio-1359, 826 N.E.2d 367, ¶ 57 (2d Dist.), quoting *State v. Robinson*, 3d Dist. Hancock No. 5-04-12, 2004-Ohio-5346, ¶ 17. "As long as the record contains some indication that the court considered the offender's present and future ability to pay, the court's imposition of a financial sanction is not contrary to law." *State v. McCants*, 1st Dist. Hamilton No. C-190143, 2020-Ohio-3441, ¶ 12.

*Id.; State v. Holland,* 4th Dist. Jackson No. 17CA8, 2018-Ohio-4975, ¶ 9-11.

### 2. Legal Analysis

**{¶11}** In her sole assignment of error, Strange challenges the trial court's imposition of a $250 fine. Strange acknowledges that the trial court "may" hold a hearing to determine her ability to pay but is not required to. *Holland* at ¶ 9 (a hearing is not required, but the record must show that the trial court considered the issue). Nevertheless, she argues that the Ohio minimum wage is currently $9.30 and she will have three children in her care and custody, which places her at 70% of the federal poverty level. She also argues that, although the trial court believed she would earn $17 to $22 per month in prison, she could also earn as little as $3 per month.

**{¶12}** However, the record shows that the trial court considered Strange's previous work history, her job prospects, the fact that she was in her mid-twenties without any disabilities or physical limitations, her ability to earn her GED, and her probable earnings while in prison. Based on these considerations, the trial court expressly stated

that it believed Strange "has the past, present, and future earning income ability to, to satisfy these financial sanctions."

**{¶13}** There is nothing in the record to indicate that there is anything preventing Strange's future ability to pay a $250 fine. She was 26 years old at the time her community service was revoked, making her approximately 28 years old upon release from prison. She has many years to become gainfully employed in order to pay a $250 fine. Therefore, Strange has failed to meet her burden of establishing that the trial court's imposition of a $250 fine was clearly and convincingly contrary to law. Accordingly, her sole assignment of error is overruled and the decision of the trial court is affirmed.

## IV. CONCLUSION

**{¶14}** We overrule Strange's assignment of error and affirm her conviction.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Adams County, to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**