[Cite as *State v. Toth*, 2026-Ohio-1401.]

IN THE FIFTH DISTRICT COURT OF APPEALS
GUERNSEY COUNTY, OHIO

STATE OF OHIO

      Plaintiff - Appellee

-vs-

JOSEPH TOTH

      Defendant - Appellant

Case No. 25CA000028

Opinion And Judgment Entry

Appeal from the Guernsey County Court of Common Pleas, Case No. 25CR36

Judgment: Affirmed in Part, Reversed in Part and Remanded

Date of Judgment Entry: April 16, 2026

BEFORE:    Robert G. Montgomery, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES:   Mark A. Perlaky, for Plaintiff-Appellee; Christopher Bazeley, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Appellant Joseph Toth ("Toth") appeals his conviction and sentence entered upon a negotiated guilty plea in the Court of Common Pleas for Guernsey County, Ohio. For the reasons below, we affirm in part, reverse in part, and remand for re-sentencing consistent with this opinion and Ohio law.

**Facts and Procedural History**

{¶2}    A Guernsey County grand jury indicted Toth on four counts: one count of Aggravated Trafficking of Drugs [methamphetamine] in violation of R.C. 2925.03, a felony of the first degree; one count of Aggravated Possession of Drugs

[methamphetamine] in violation of R.C. 2925.11, a felony of the first degree; one count of Trafficking in a Fentanyl-Related Compound in violation of R.C. 2925.03 (A)(2)/(C)(9)(f), a felony of the first degree, and one count of Possession of a Fentanyl-Related Compound in violation of R.C. 2925.11(A)/(C)(11)(e), a felony of the first degree.

{¶3} On April 22, 2025, pursuant to a negotiated plea agreement, Toth entered guilty pleas to one count of aggravated trafficking in drugs and one count of trafficking in a fentanyl-related compound. In exchange, the State dismissed the remaining counts. The trial court accepted the pleas, deferred sentencing, and ordered the preparation of a presentence investigation report ("PSI").

{¶4} On April 24, 2025, Toth filed a motion for return of property - seeking the release of two cellular telephones and a 2018 Cadillac automobile. The trial court scheduled the motion to be heard at the sentencing hearing.

{¶5} During sentencing on July 31, 2025, the trial court imposed an indefinite prison term of seven and one-half years minimum and ten and one-half years potential maximum on each count. The court ordered the terms to be served consecutively, resulting in an aggregate indefinite term of fourteen years minimum and seventeen and one-half years potential maximum.

{¶6} Regarding the motion for return of property, the trial court found:

The Court heard oral argument from Counsel on Defendant's Motion for Return of Property. After receiving oral argument, the Court hereby ORDERS that the Motorola cell phone and I Phone (sic) 15 be factory reset and shall then be returned to a family member of the Defendant. The Defendant shall provide the correct passwords for the Motorola cell phone and I Phone (sic) 15 to the authorized law enforcement personnel in order

for them to be factory reset, and if said passwords cannot be given to the authorized law enforcement personnel, then the Motorola cell phone and I Phone (sic) 15 shall be destroyed.

As to the 2018 Cadillac, the State of Ohio is hereby ORDERED to finish the examination of the title to said vehicle and to be sold at auction, and the proceeds, less any expenses involved in said sale, to be paid to the Clerk of Courts and applied towards the payment of mandatory fines in this case.

(Sent. Entry, Aug. 1, 2025 at 2.) *See also* Sent. T. at 29-30.

{¶7} The trial court's sentencing entry further provided:

3. The mandatory fine of $10,000 as to Count One and mandatory fine of $10,000 as to Count Three are hereby imposed against the Defendant up to the value of proceeds received from sale at auction of the 2018 Cadillac and paid to the Clerk of Courts towards the mandatory fines in this case. Any outstanding balance remaining due of the mandatory fines, after payment of proceeds from sale, are hereby waived *as the Defendant is found to be an indigent person.*

4. No discretionary fine is assessed in this case, as *Defendant is found to be an indigent person.*

...

The Court finds that *the State of Ohio has submitted no evidence to show the Court that Defendant has (or reasonably may be expected to have) the means to meet some portion of the cost of his court-appointed counsel fees* in this case. The Court, therefore, ORDERS (pursuant to

Revised Code Section 2941.51) that the court-appointed counsel fees NOT be included in the court costs of this case.

(Sent. Entry, Aug. 1, 2025, at 3-4.) (emphasis added). *See also* Sent. T. at 29-30.

**Assignments of Error**

{¶8}  Toth raises four assignments of error:

{¶9}  "I. THE TRIAL COURT ERRED IN IMPOSING MANDATORY FINES."

{¶10}  "II. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO FILE A MOTION AND AFFIDAVIT OF INDIGENCY TO SEEK WAIVER OF THE MANDATORY FINES PURSUANT TO R.C. 2929.18(B)(1)."

{¶11}  "III. THE TRIAL COURT'S ORDER DIRECTING THE SALE OF TOTH'S VEHICLE AND APPLICATION OF THE PROCEEDS TO THE FINES CONSTITUTES AN IMPROPER AND UNLAWFUL FORFEITURE."

{¶12}  "IV. THE TRIAL COURT FAILED TO ADVISE TOTH OF HIS RIGHTS UNDER THE REAGAN TOKES ACT AT SENTENCING."

**I & III**

{¶13}  In his first assignment of error, Toth argues that the trial court erred in imposing mandatory fines after finding him indigent. In his third assignment of error, he argues that the trial court's order directing the sale of his vehicle constituted an unlawful forfeiture. Because these issues are interrelated, we address them together.

**Standard of Review**

{¶14}  When reviewing a trial court's imposition of financial sanctions, an appellate court applies the standard set forth in R.C. 2953.08(G)(2) and determines whether the sentence is clearly and convincingly contrary to law. *State v. Burton*, 2023-Ohio-1596, ¶ 25 (6th Dist.); *State v. Strange*, 2023-Ohio-495, ¶ 10 (4th Dist.); *State v.*

*Holder*, 2018-Ohio-3337, ¶ 6 (12th Dist.); *State v. Collins*, 2015-Ohio-3710, ¶ 31 (12th Dist.).

{¶15} Clear and convincing evidence" is that which produces in the mind of the trier of fact a firm belief or conviction regarding the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954). An appellate court cannot modify a financial sanction unless that court finds, by clear and convincing evidence, that the imposition of the financial sanction is not supported by the record or is contrary to law. *State v. Burton,* 2023-Ohio-1596, ¶ 25 (6th Dist.) citing *State v. Ivey,* 2021-Ohio-2138, ¶ 7 (6th Dist.).

**Mandatory Fines**

{¶16} R.C. 2929.18(B)(1) requires a trial court to impose mandatory fines for certain drug offenses, including first-degree felony drug offenses. Toth was convicted of two such offenses.

{¶17} However, a trial court may not impose the mandatory fine if the offender files a timely affidavit of indigency and the court determines the offender is indigent and unable to pay. *State v. Kennedy*, 2025-Ohio-5581, ¶ 21 (5th Dist.). The burden rests with the offender to demonstrate indigency and inability to pay. *State v. Gipson*, 80 Ohio St.3d 626, 635 (1998).

{¶18} In reviewing whether a court considered a defendant's ability to pay, an appellate court examines the totality of the record, including the PSI. *State v. Lewis*, 2023-Ohio-2683, ¶ 60 (5th Dist.). *See also State v. Siniff*, 2025-Ohio-4327, ¶ 26 (11th Dist.); *State v. Sbarbati*, 2024-Ohio-622, ¶ 7 (12th Dist.); *State v. Brown*, 2024-Ohio-2004, ¶ 11 (2d Dist.).

**Application**

{¶19}   The record reflects that the trial court reviewed the PSI and the nine-page mitigation report submitted by defense counsel. (Sent. T. at 5, 22-23, 26, 32).

{¶20}   Although Toth did not file an affidavit of indigency before sentencing, the trial court nevertheless determined that he was indigent. The court limited the mandatory fines to the value of Toth's 2018 Cadillac and waived any remaining balance because the trial court found that Toth was indigent.

{¶21}   Thus, the trial court's ruling reflects two related determinations. First, the court found Toth to be indigent. Second, the court concluded that he possessed an asset, the 2018 Cadillac, from which at least a portion of the mandatory fines could be satisfied. To implement this determination, the court ordered that the vehicle be sold and that the proceeds, after expenses, be applied toward the fines, with any remaining balance waived. Upon closer examination, however, the trial court lacked authority to compel the sale of the vehicle for that purpose.

**Forfeiture**

{¶22}   The order directing the sale of the vehicle effectively operates as a forfeiture, which is governed by the procedures set forth in Ohio Revised Code Chapter 2981 – Forfeiture Law.

{¶23}   Under R.C. 2981.03(A)(2), a law enforcement officer may seize property that the officer has probable cause to believe is subject to forfeiture. "Property subject to forfeiture" includes contraband and instrumentalities used in the commission of a felony. R.C. 2981.01(B)(13); R.C. 2981.02(A)(1), (A)(3)(a); *State v. Recinos*, 2014-Ohio-3021, ¶ 20 (5th Dist.).

{¶24} Once property is seized, the prosecuting attorney may pursue forfeiture through either a criminal proceeding under R.C. 2981.04 or a civil proceeding under R.C. 2981.05. *See* R.C. 2981.03(F). Criminal forfeiture is initiated by including a forfeiture specification in the charging instrument pursuant to R.C. 2941.1417 or by providing prompt notice to the defendant under Crim.R. 7(E). *See* R.C. 2981.04(A). Civil forfeiture, by contrast, requires the filing of a complaint requesting an order forfeiting the property to the state or a political subdivision. *See* R.C. 2981.05(A); *State v. North*, 2012-Ohio-5200, ¶ 8 (1st Dist.); *Recinos* at ¶ 21.

{¶25} In either form, forfeiture may be ordered only after the prosecuting attorney identifies all parties with an interest in the property, the trial court conducts a hearing, and the trier of fact determines that the property is subject to forfeiture. R.C. 2981.04(A)-(B); R.C. 2981.05(B), (D); *North* at ¶ 9; *State v. Allen*, 2014-Ohio-1806, ¶ 28 (10th Dist.); *Recinos* at ¶ 22. The Supreme Court of Ohio has emphasized that forfeiture requires additional judicial findings beyond the underlying conviction:

> [T]he forfeiture of items contemplates judicial action and additional considerations that extend beyond a defendant's criminal case. The proceeding itself requires an additional finding by the trier of fact. R.C. 2981.04(B). Issues concerning the defendant's interest and the ability to seize the property also must be considered. R.C. 2981.06.

*State v. Harris*, 2012-Ohio-1908, ¶ 33.

{¶26} A critical procedural safeguard is the requirement that criminal forfeiture must be initiated through a forfeiture specification in the indictment pursuant to R.C. 2941.1417 or through proper notice under Crim.R. 7(E). *See* R.C. 2941.1417; *Recinos*,

2014-Ohio-3021, ¶21; *State v. Baker*, 2024-Ohio-5070, ¶ 13 (5th Dist.). The forfeiture analysis is also confined to the offense to which the specification attaches. R.C. 2981.09.

{¶27} The Supreme Court of Ohio has further clarified that property may be forfeited only when it was used, or intended to be used, to commit or facilitate the offense and when it constitutes "an integral part of the specified illegal activity." *State v. Hill*, 70 Ohio St.3d 25, 31 (1994); *see also State v. Jones*, 2025-Ohio-3011, ¶ 30 (5th Dist.).

{¶28} In the present case, the State conceded that Toth's indictment did not contain a forfeiture specification concerning the 2018 Cadillac. (Sent. T. at 27-28). The State does not argue that the prosecutor provided prompt notice to Toth under Crim.R. 7(E). Further, the State did not initiate a civil forfeiture action under R.C. 2981.05.

{¶29} Because the statutory procedures governing forfeiture were not followed, the trial court lacked authority to order the Cadillac be sold and the proceeds applied toward the mandatory fines.

{¶30} Where the statutory requirements for forfeiture have not been satisfied, the order must be reversed. *State v. Wood*, 2013-Ohio-1136, ¶ 44 (5th Dist.); *Recinos*, 2014-Ohio-3021, ¶ 28.

{¶31} Accordingly, Toth's first and third assignments of error are sustained.

**II.**

{¶32} In his second assignment of Error, Toth argues that his trial counsel was ineffective for not filing an affidavit of indigency and a motion requesting waiver of the mandatory fine.

{¶33} Considering our disposition of Toth's first and third assignments of error, we find Toth's second assignment of error to be moot.

# IV

{¶34} In his fourth assignment of error, Toth argues that his sentence is contrary to law because the trial court failed to provide all required Reagan Tokes notifications (R.C. 2929.19(B)(2)(c)) at the sentencing hearing.

**Standard of Review**

{¶35} We review felony sentences under R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22. A sentence is contrary to law when the trial court fails to comply with mandatory statutory sentencing requirements. *State v. Jones*, 2020-Ohio-6729, ¶ 34.

**Reagan Tokes Notifications**

{¶36} R.C. 2929.19(B)(2)(c) requires a sentencing court imposing a non-life felony indefinite prison term under the Reagan Tokes Law to notify the offender of five statutory advisements concerning the presumption of release and the authority of the Ohio Department of Rehabilitation and Correction to rebut that presumption. The statute provides that if a prison term is necessary or required, the court shall notify the offender of the following five advisements:

1. That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

2. That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while

confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

3. If the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

4. That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code; and

5. That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶37} Although a trial court need not recite the statutory language verbatim, the record must affirmatively demonstrate that the court conveyed the substance of all five advisements during the sentencing hearing. *State v. Abdus-Salaam*, 2024-Ohio-2773, ¶ 80 (5th Dist.); *State v. Suber*, 2021-Ohio-2291, ¶ 17 (12th Dist.). To be sure, we hold that the mandate of R.C. 2929.19(B)(2)(c) requires, at a minimum, a trial court to provide the mandatory advisements orally and memorialized in a sentencing entry.

**{¶38}** Failure to provide all required notifications during the sentencing hearing requires a limited remand so that the trial court may properly advise the defendant. *Abdus-Salaam*, ¶ 83.

**Application**

**{¶39}** Upon review of the record, we conclude that the trial court did not fully comply with R.C. 2929.19(B)(2)(c). Although written notifications were provided to Toth via the plea agreement, the transcript of the sentencing hearing does not demonstrate that the trial court orally provided all five advisements during the sentencing hearing.

**{¶40}** Because the statute requires that these notifications be provided at the sentencing hearing, and the trial court did not orally inform Toth during the sentencing hearing of the required notifications, the sentence is contrary to law.

**{¶41}** Accordingly, Toth's fourth assignment of error is sustained.

**Disposition**

**{¶42}** Toth's first, third, and fourth assignments of error are sustained. Toth's second assignment of error is overruled as moot.

**{¶43}** The portion of the judgment ordering the sale of Toth's 2018 Cadillac and applying the proceeds toward the mandatory fines is vacated. The judgment imposing mandatory fines is reversed. The trial court's imposition of incarceration is affirmed and unaffected by this opinion.

**{¶44}** The judgment of the Court of Common Pleas for Guernsey County, Ohio is affirmed, in part, and reversed in part, and this case is remanded to the trial court for a new sentencing hearing at which time the trial court shall provide Toth with the oral and written notifications required by R.C. 2929.19(B)(2)(c). Additionally, the issue of Toth's indigency status was determined when the trial court found Toth to be indigent for

purposes of discretionary fines and mandatory fines but for the value of his vehicle. Therefore, the trial court shall note in a new sentencing entry that Toth is not subject to a mandatory fine.

For the reasons stated in our Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed in part, reversed in part and remanded to the trial court for a new sentencing hearing.

Costs are waived.

By: Popham, J.

Montgomery, P.J. and

Gormley, J., concur