[Cite as *State v. Berentz*, 2026-Ohio-1853.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
GUERNSEY COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CA 000034 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Guernsey County, |
| GARY D. BERENTZ, | Case No. 25 CR 000063 |
| Defendant - Appellant | Judgment: Affirmed and Remanded |
| | Date of Judgment:  May 20, 2026 |

BEFORE: Andrew J. King, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Mark A. Perlaky (Assistant County Prosecuting Attorney), Cambridge, Ohio, for Plaintiff-Appellee; Christopher C. Bazeley, Cincinnati, Ohio, for Defendant-Appellant

*Gormley, J.*

{¶1}   Challenging his convictions on two felony charges, Defendant Gary Berentz contends that the trial court erred by accepting his *Alford* pleas where the record before the trial court, in his view, did not include sufficient facts to support the trial court's guilty findings on the charges.  Berentz also argues that the trial court failed at his sentencing hearing to recite to him the indefinite-sentencing notifications that are spelled out in R.C. 2929.19(B)(2)(c).

{¶2}   We conclude that the trial court properly accepted Berentz's *Alford* pleas, but we remand the case to the trial court so that Berentz can be provided orally with the required indefinite-sentencing information.

**<u>The Key Facts</u>**

{¶3}   Berentz began providing transportation services to members of the Amish community in Guernsey County in May 2022.  Two separate incidents involving two

different victims, C.S. and L.Y., resulted in Berentz's indictment in Guernsey County case number 24CR34 on six felony charges: three counts of rape, one count of kidnapping, one count of gross sexual imposition, and one count of abduction.

{¶4} Berentz's rape, kidnapping, and gross sexual imposition charges stemmed from allegations that Berentz had forcibly engaged in vaginal intercourse with C.S. while Berentz was tasked with driving her home. Berentz's abduction charge resulted from the county grand jury's finding that, instead of taking L.Y. home as he had been instructed to do, Berentz drove her to his house and asked her to come inside. When L.Y. refused, Berentz drove her around in his truck for several hours and made unwanted sexual advances toward her.

{¶5} While Berentz was being held in the county jail awaiting trial on those charges, law-enforcement officers discovered several letters allegedly authored by Berentz and directed to his son. Those letters expressed, in part, Berentz's desire to "go after" the Amish community. Berentz was then indicted in Guernsey County case number 24CR57 on two counts of retaliation.

{¶6} In the end, Berentz reached a plea agreement that called for him to enter *Alford* pleas to two charges — felonious assault and attempted abduction — listed in a bill of information. In exchange, the State agreed to dismiss the eight charges in the two earlier indictments. The bill of information was designated by the clerk as case number 25CR63, and Berentz entered *Alford* pleas to the two new felony charges in March 2025.

{¶7} When asked by the trial judge during the plea-change hearing to explain the facts supporting Berentz's *Alford* pleas, the State merely recited the statutory definitions of the two crimes from the bill of information. Berentz's earlier rape case and retaliation case were both on the trial court's docket that day too, though, and filings in those cases

included multiple reports from law-enforcement officers detailing their investigations into the allegations against Berentz. After thoroughly questioning Berentz at the plea-change hearing about his decision to enter the *Alford* pleas, the trial judge accepted the pleas and scheduled a sentencing hearing for the following month.

{¶8} At that sentencing hearing, the trial judge imposed an indefinite prison term on the felonious-assault charge (a second-degree felony) and a definite prison term on the attempted-abduction charge (a fourth-degree felony). At the plea-change hearing the previous month, Berentz had signed a document listing the R.C. 2929.19(B)(2)(c) indefinite-sentencing notifications, but the trial judge did not recite those orally to Berentz at the sentencing hearing. Berentz now appeals.

## The Trial Court Did Not Err by Accepting Berentz's *Alford* Pleas

{¶9} In his first assignment of error, Berentz argues that the trial court improperly accepted his pleas because the State, in his view, failed in its duty to explain at the plea change the underlying facts supporting the charges.

{¶10} We review with fresh eyes Berentz's assertion that the trial court improperly accepted his *Alford* pleas. *State v. Cook*, 2024-Ohio-4481, ¶ 9 (5th Dist.) ("When a defendant contends a guilty plea is invalid because a court failed to comply with the *Alford* requirements, this Court must undertake a de novo review").

{¶11} The so-called *Alford* plea draws its name from the U.S. Supreme Court's decision in *North Carolina v. Alford*, in which the court explained that a defendant may "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, or even if his guilty plea contains a protestation of innocence, when, as here, he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt." *North*

*Carolina v. Alford*, 400 U.S. 25 (1970), syllabus. Under *Alford*, then, a defendant who maintains his or her innocence may rationally conclude, based on the strength of the evidence that the State is prepared to offer at trial, that a plea bargain is in his or her best interest so that he or she can try to avoid the prospect of the greater punishment that seems likely to result if the defendant goes to trial on the original charges. *State v. Byrd*, 2008-Ohio-3909, ¶ 16 (4th Dist.).

{¶12} An *Alford* plea, just like an ordinary guilty plea, must be made knowingly, intelligently, and voluntarily. *State v. Willis*, 2008-Ohio-6808, ¶ 4 (6th Dist.). When a defendant's plea is accompanied by a protestation of innocence, a trial court has a heightened duty to ensure that the defendant has made a rational decision to enter the plea. *Cook* at ¶ 9. This generally requires "a presentation of some basic facts surrounding the charge from which the court may determine whether the accused has made an intelligent and voluntary guilty plea." *State v. Drzayich*, 2016-Ohio-1398, ¶ 13 (6th Dist.).

{¶13} That kind of factual explanation allows the trial court to resolve the apparent conflict between "a defendant's claim of innocence and the defendant's desire to plead guilty to the charges." *State v. Johnson*, 2016-Ohio-2840, ¶ 27 (8th Dist.). In gathering the necessary facts, the trial court may rely on the entire record before it. *State v. Koperski*, 2024-Ohio-2838, ¶ 13 (6th Dist.). *See also State v. Hughes*, 2021-Ohio-111, ¶ 15 (4th Dist.) (suggesting that a "bill of particulars, . . . witness statements[,] . . . investigative reports, . . . [or a] recitation of basic facts at the plea hearing" can suffice for an *Alford* plea); *State v. Krieg*, 2004-Ohio-5174, ¶ 16 (9th Dist.) (finding that the trial court's possession of a bill of particulars was sufficient to supply the court with a factual basis for the defendant's *Alford* plea).

**{¶14}** Notably, Berentz does not claim that his plea was anything other than knowing, intelligent, and voluntary. In fact, Berentz concedes in his reply brief that "voluntariness is not at issue in this case." Instead, Berentz argues only that the trial court failed to ensure that the record contained strong evidence of Berentz's guilt.

**{¶15}** A defendant who enters a guilty plea, "including an *Alford* plea, waives all appealable errors . . . except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily" entering the plea. *State v. Clark*, 2021-Ohio-2531, ¶ 26 (2d Dist.). We therefore review Berentz's challenge to the adequacy of the court's understanding of the facts only to the extent that it may have affected the court's determination that Berentz was properly entering his guilty pleas.

**{¶16}** The trial-court record in the bill-of-information case (number 25CR63) is — in the words of the trial judge at Berentz's sentencing hearing — "very limited," given that Berentz entered his *Alford* plea to the two charges in that case just three days after the bill of information was filed. The records in the rape case (number 24CR34) and the retaliation case (number 24CR57), though, are much more extensive because both were pending on the trial court's docket for more than a year, during which both Berentz and the State filed multiple motions and responses. Several of those filings included law-enforcement reports describing the conduct underlying not only the original charges but also the two charges to which Berentz ultimately entered his *Alford* pleas. In addition, the trial court in the older cases had conducted a hearing to determine whether those two cases should be joined together for trial.

**{¶17}** In an effort to resolve both of Berentz's original cases, the parties agreed that the State would file the bill of information listing the felonious-assault and attempted-abduction charges, and then Berentz would enter *Alford* pleas to them. Their

agreement called, too, for the State to dismiss the original eight charges in the older cases. The parties acknowledged, also, that Berentz's convictions would not require him to register as a sex offender under Ohio law, and the parties jointly recommended that any prison terms on the two new charges be served concurrently. That information was all presented on the record at the plea-change hearing.

{¶18} While the State, at that same hearing, ideally ought to have said more about the alleged facts underlying the charges in the bill of information and also should have detailed the strength of the State's evidence on the original charges, we find that the trial court had sufficient facts before it to accept Berentz's pleas. The transcript of Berentz's plea-change hearing indicates that the trial judge knew that Berentz's pleas to the charges in the bill of information resulted from a negotiated agreement resolving all three cases, and the same judge presided over them all.

{¶19} In the rape case (number 24CR34), an investigative report that was attached as an exhibit to one of the State's filings spells out various allegations that support a charge of felonious assault: (1) Berentz often provided transportation services to members of the Amish community; (2) In late December 2023, a friend of C.S.'s had called Berentz and asked him to drive C.S. and that friend to their respective homes, and Berentz picked them up in a white truck; (3) After the friend had been dropped off, Berentz, according to C.S., started speaking to her in a sexually suggestive manner and began reaching over and touching her leg; (4) Berentz eventually parked the truck and forced C.S. to move into the backseat where Berentz pulled up C.S.'s dress and forcibly engaged in vaginal intercourse with her, and (5) C.S. reported bruising that lasted for several days and was treated by both medical and mental-health professionals after the incident.

{¶20} That same investigative report also contained the following information — reported by L.Y. to law-enforcement officers — that supports a charge of attempted abduction: (1) In January 2024, L.Y. called Berentz after midnight and asked him for a ride home; (2) Instead of driving L.Y. home after picking her up, Berentz instead drove L.Y. to his house and asked her to come inside multiple times despite L.Y.'s repeated rebuffs; (3) After getting back on the road to take L.Y. home, Berentz stopped several times and asked to see L.Y.'s vagina; and (4) L.Y. was in Berentz's truck for approximately three hours before he took her home.

{¶21} We note, too, that the judge at the plea-change hearing inquired into Berentz's reason for entering guilty pleas to crimes that he claimed he had not committed. In response, Berentz's attorney stated that Berentz had initially been charged with "very serious crimes," including three felonies of the first degree. The attorney further reasoned that Berentz was entering the *Alford* pleas to avoid the possibility of being convicted of those more serious crimes and spending significantly more time in prison. The trial judge at the plea-change hearing then turned to Berentz to confirm that his attorney had accurately expressed Berentz's reasons for entering the pleas. "Yes" was Berentz's response.

{¶22} The information that was before the trial court when Berentz entered his pleas provided the judge with a sufficient factual basis for accepting the *Alford* pleas. The State's evidence was strong on some if not all of the original eight charges, facts in the record before the trial judge supported the two charges to which Berentz entered his pleas, and the agreed resolution offered Berentz the prospect of a much less severe penalty than he likely faced had he gone to trial and been convicted. We therefore conclude that the

trial court did not err in accepting Berentz's *Alford* pleas, and Berentz's first assignment of error is overruled.

**Berentz Was Not Provided at the Sentencing Hearing with the Necessary Explanation About Ohio's Indefinite-Sentencing System**

{¶23} Berentz argues in his second assignment of error that the trial judge failed at his sentencing hearing to provide to him the required indefinite-sentencing notifications that are listed in R.C. 2929.19(B)(2)(c). We agree.

{¶24} Felony sentences are reviewed under the standard explained in R.C. 2953.08. *State v. Corbett*, 2023-Ohio-556, ¶ 24 (5th Dist.). That statute allows an appellate court to either increase, reduce, modify, or vacate a sentence and remand for resentencing if it finds, by clear and convincing evidence, that the sentence either is not supported by the record or is otherwise contrary to law. *Id*. at ¶ 25.

{¶25} A non-life indefinite sentence is contrary to law when the trial judge does not advise the defendant of the R.C. 2929.19(B)(2)(c) factors at the sentencing hearing. *State v. Toth*, 2026-Ohio-1401, ¶ 35 (5th Dist.); *State v. Wolfe*, 2020-Ohio-5501, ¶ 36–37 (5th Dist.).

{¶26} When a trial court sentences a defendant to an indefinite prison term, R.C. 2929.19(B)(2)(c) calls for the trial judge to explain Ohio's indefinite-sentencing process to that defendant at the sentencing hearing. That same statutory provision lists five key pieces of information that must be conveyed to the defendant then to apprise him or her about the rebuttable presumption that is explained in even greater detail in R.C. 2967.271.

{¶27} The trial court here imposed an indefinite prison term on the F2 felonious-assault charge, but the judge did not recite the R.C. 2929.19(B)(2)(c)(i)-(v) notifications to Berentz at the sentencing hearing. And though Berentz had received written notice

about those Reagan Tokes advisements at his plea-change hearing, the trial court was still required to provide the notifications to him orally at his sentencing hearing. *Toth* at ¶ 37 ("the mandate of R.C. 2929.19(B)(2)(c) requires, at a minimum, a trial court to provide the mandatory advisements orally and memorialized in a sentencing entry"); *State v. Searight*, 2023-Ohio-3584, ¶ 7 (1st Dist.) ("a trial court's failure to advise the defendant of the notifications during the sentencing hearing is not cured by inclusion of the R.C. 2929.19(B)(2)(c) provisions in a plea entry signed by the defendant").

**{¶28}** Because the trial court did not provide the required information to Berentz at the sentencing hearing, a remand to that court is now appropriate so that that additional step required by R.C. 2929.19(B)(2)(c) can be completed. *Toth* at ¶ 38.

**{¶29}** Berentz's second assignment of error is sustained.

{¶30} For the reasons explained above, the judgment of the Court of Common Pleas of Guernsey County is affirmed, but we remand the case so that the trial court can orally advise Berentz about the indefinite-sentencing provisions in R.C. 2929.19(B)(2)(c). Any costs are to be paid by Appellant Gary Berentz.

By: Gormley, J.;

King, P.J. and

Popham, J. concur.